Alex M. Cha, Esq. (Bar No. 208051)
Email:  alex@alexchalaw.com
Sena Hori, Esq. (Bar No. 338636)
Email:  sena@alexchalaw.com
LAW OFFICES OF ALEX CHA & ASSOCIATES
707 Wilshire Blvd. 46th Floor
Los Angeles, CA 90017
Tel. (213) 351-3513, Fax (213) 351-3514

Melvin L. Chung, Esq. (Bar No. 189519)
Email:  mel@huffinechung.com
HUFFINE CHUNG, LLP
2202 S. Figueroa St., #356
Los Angeles, CA  90007
Tel.:  (714) 225-9888, Fax (213) 577-2234

Attorneys for Plaintiff  BLUPRINT CLOTHING CORP.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUPRINT CLOTHING CORP., a California corporation,<br><br>                   Plaintiff,<br>        v.<br><br>ALFRED DUNNER, INC., a New York corporation; and DOES 1 through 10,<br><br>                   Defendants. | Case No.:  2:23-cv-03803-SPG-SK<br><br>**FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; AND VICARIOUS COPYRIGHT INFRINGEMENT.**<br><br>**Jury Trial Demanded** |

Plaintiff  BLUPRINT  CLOTHING  CORP. ("Plaintiff"  or  "BLUPRINT"), complains, alleges, and prays to this honorable Court for relief based on the following:

/ / /

/ / /

## INTRODUCTION

Plaintiff owns the copyrights to eleven (11) two-dimensional artworks for textile fabric prints (the "Designs").  The copyrights are registered with the United States Copyright Office. Plaintiff discovered that the Defendants produced and/or sold clothing products featuring designs that are identical or substantially similar to Plaintiff's Designs, but Plaintiff never authorized Defendants to use the Designs.

Plaintiff alleges on information and belief that Defendants continue to produce and/or sell the infringing products. This action to enjoin Defendants from further unauthorized use of the Designs, and to recover damages caused by Defendants' willful infringements.  Pursuant to 17 U.S.C. § 504(c), Plaintiff may elect statutory damages up to $150,000.00 for each instance of willful infringement.   As there are 11 counts of infringement known at this time, Plaintiff's total statutory damages are $1,650,000.00, plus attorney's fees and costs pursuant to 17 U.S.C. § 505.

## JURISDICTION AND VENUE

1.     This action arises under the Copyright Act, 17 U.S.C., § 101 *et seq.*

2.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

3.     This Court has personal jurisdiction over Defendants because they transact substantial business with and within the State of California.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1),

because Defendants have significant contacts within this judicial district.

5.     Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred within this judicial district, or a substantial part of the property that is the subject of this action is situated in this judicial district.

6.     Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(c), because the Defendants are subject to this Court's personal jurisdiction.

## THE PARTIES

7.   Plaintiff BLUPRINT is a California corporation with its place of business at 6013 Randolph Street, Commerce, California 90040.  Plaintiff creates, designs, manufactures, and sells fabric designs and women's apparel products throughout the United States and within this judicial district. Plaintiff invests considerable resources and effort to design and develop unique, original print designs for women's clothing.

8.     Plaintiff is informed, believes, and thereon alleges that Defendants ALFRED DUNNER, INC. is a New York corporation ("Defendants" or "ALFRED DUNNER"), located at 1333 Broadway, 11th Floor, New York, NY 10018. Defendants produce and/or distribute or sell women's clothing throughout the United States.

9.  Because Defendants sell women's apparel products throughout the United States, including within this judicial district, Defendants are a direct competitor of Plaintiff in the women's clothing category.

10.  Plaintiff alleges, on information and belief, that defendants named as DOES 1 through 10, inclusive, are parties not yet identified who infringed Plaintiff's copyrights, contributed to the infringement of Plaintiff's copyrights, or engaged in one or more of the wrongful acts alleged herein. The true names of defendants DOES 1 through 10 are presently unknown to Plaintiff, so Plaintiff sues said defendants by such fictitious names, and will seek leave to amend this First Amended Complaint to show their true names and capacities when ascertained.

11.  Plaintiff alleges, on information and belief, that at all times relevant to the claims in this action, each Defendant was an agent, affiliate, partner, joint venturer, principal, officer, director, employee, and/or alter-ego of the other Defendant and was at all times acting within the scope of such alter-ego relationship or employment, and participated in, ratified, or adopted the wrongful conduct alleged, with knowledge of the facts including, but not limited to, actual or constructive knowledge that Plaintiff's copyrights were infringed or being violated.

### **PLAINTIFF'S COPYRIGHTS**

12.  Plaintiff owns copyrights to eleven (11) two-dimensional artworks of textile print designs ("Designs") that are registered with the U.S. Copyright Office:

/ / /

| Design No. | Title | U.S. Copyright Registration |
|---|---|---|
| 1 | BPSS1362 | VA0002220296 |
| 2 | 5150 | VAu001119387 |
| 3 | BPSK1486 | VAu001279760 |
| 4 | BPSSB1033 | VAu001371603 |
| 5 | BPVS1019 | VAu001130709 |
| 6 | BPSA1041 | VA0002133726 |
| 7 | BPSK1225 | VAu001209525 |
| 8 | BPSS1714 | VAu001279611 |
| 9 | BPSK1144 | VAu001209524 |
| 10 | BPVM1200 | VAu001185319 |
| 11 | BPSM1203C | VAu001181756 |

13.   Plaintiff's copyright registrations are prima facie evidence of ownership and exclusive rights to copy, reproduce, distribute, and make derivative works based on the Designs as provided in 17 U.S.C. § 106.

## ACCESS TO THE DESIGNS

14.   Prior to filing this action, and prior to Defendants' infringing conduct alleged herein, Plaintiff showed the Designs to persons in the textile and apparel industry, sales representatives, buyers, potential customers, and fabric printers by providing samples, artwork, or images of the Designs.

15.   Plaintiff alleges on information and belief that Defendants gained access to the Designs and produced, or caused to be produced, and sold products featuring copies of the Designs that are virtually identical or substantially similar to Plaintiff's Designs, without Plaintiff's authorization.

16.   Defendants' unauthorized products were marketed and sold through their sales channels via internet websites, sales representatives, wholesale and/or retail

stores.  Plaintiff discovered Defendants' unlawful copies through industry channels, online shopping websites, and/or retail stores where the products were being sold to the public under the Defendants' brand names or brands offered by Defendants.

17.     Plaintiff alleges on information and belief that Defendants began producing and/or selling the unauthorized copies over a 2-year period beginning as early as year 2020 and as recently as April 2023, although the actual period may be longer.  Because the full scope and extent of Defendants' infringing conduct are unknown to Plaintiff at this time, Plaintiff will seek leave to amend its First Amended Complaint accordingly as further facts are discovered.

## COPYRIGHT INFRINGEMENT OF DESIGN NO. 1

18.     Plaintiff owns the copyrights to Design No. 1, U.S. Copyright Registration No. VA0002220296, Titled BPSS1362.

19.  Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Differences in color are not determinative, in this case the particular manner of arrangement of how the blue tones are rendered and expressed on Defendant's item are substantially similar to Plaintiff's design, and similarities with plaintiff's protectable elements are striking with regard to the subject matter of a floral theme depicted as a closeup of slim petaled flowers expressed in the manner of a water color brush art predominantly in blue tones.

20.  Defendants did so without Plaintiff's authorization, and sold unauthorized copies under their own brand or other brands that they offered. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below to compare Plaintiff's design on the left with Defendant's design on the right.  By visually comparing the designs, it is apparent that Defendant's design is strikingly or substantially similar to Plaintiff's in composition, arrangement of colors and shapes, shading, textures, and the overall layout of the design with respect to the relative proportions of space, dimensions, tones, and manner of visually expressing the aforementioned elements in combination which render the final visual impression:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 1 | BPSS1362 | |

/ / /

/ / /

## COPYRIGHT INFRINGEMENT OF DESIGN NO. 2

21.   Plaintiff owns the copyrights to Design No. 2, U.S. Copyright Registration No. VAu001119387, Titled 5150.

22.   Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Differences in color being not determinative, the manner of depicting the subject matter is substantially similar, and similarities with Plaintiff's protectable elements are striking as to the expression of a floral theme depicting flowers predominantly in shades of red, pink, yellow, peach and white across the chest from shoulder to shoulder, on a background of bold, alternating black and white horizontal sections that resolve to solid black at the upper chest and shoulders.

23.   Defendants did so without Plaintiff's authorization, and sold unauthorized copies under their own brand or other brands that they offered. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below to compare Plaintiff's design on the left with Defendant's design on the right.  By visually comparing the designs, it is apparent that Defendant's design is strikingly or substantially similar to Plaintiff's in composition, arrangement of colors and shapes, shading, textures, and the overall layout of the design with respect to the relative proportions of space, dimensions, tones, and manner of visually expressing the aforementioned elements in combination which render the final visual impression, as follows:

/ / /

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 2 |  | |

## COPYRIGHT INFRINGEMENT OF DESIGN NO. 3

24.  Plaintiff owns the copyrights to Design No. 3, U.S. Copyright Registration No. VAu001279760, Titled BPSK1486.

25.  Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Any differences in color are not determinative, as copyright protects the original expression regardless of color differences.  Similarities with Plaintiff's protectable elements are striking with regard to the subject matter and expression of the arrangement of alternating colors of chevrons in a herringbone pattern spanning the whole of the garment until disrupted by a section of horizontal lines of alternating colors at the bottom of the garment.

26.  Defendants did so without Plaintiff's authorization, and sold unauthorized copies under their own brand or other brands that they offered. Plaintiff's Original

Design and Defendant's Unauthorized Copy are shown below to compare Plaintiff's design on the left with Defendant's design on the right.  By visually comparing the designs, it is apparent that Defendant's design is strikingly or substantially similar to Plaintiff's in composition, arrangement of colors and shapes, shading, textures, and the overall layout of the design with respect to the relative proportions of space, dimensions, tones, and manner of visually expressing the aforementioned elements in combination which render the final visual impression, as follows:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 3 | BPSK1486 | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## **COPYRIGHT INFRINGEMENT OF DESIGN NO. 4**

27.   Plaintiff owns the copyrights to Design No. 4, U.S. Copyright Registration No. VAu001371603, Titled BPSSB1033.

28.  Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Differences in color being not determinative, the similarities between Defendant's item and Plaintiff's protectable elements are striking with regard to the particular expression and arrangement of angular and circular shapes, organic patterns and motifs expressed in a patchwork of rectangular sections mimicking the appearance of a faded woodblock print expressed in similar earthy and muted tones of brown, tan and blue with the latter appearing prominently in the upper half of the design.

29.  Defendants did so without Plaintiff's authorization, and sold unauthorized copies under their own brand or other brands that they offered. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below to compare Plaintiff's design on the left with Defendant's design on the right.  By visually comparing the designs, it is apparent that Defendant's design is strikingly or substantially similar to Plaintiff's in composition, arrangement of colors and shapes, shading, textures, and the overall layout of the design with respect to the relative proportions of space, dimensions, tones, and manner of visually expressing the aforementioned elements in combination which render the final visual impression, as follows:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 4 | BPSSB1033  | |

## COPYRIGHT INFRINGEMENT OF DESIGN NO. 5

30.    Plaintiff owns the copyrights to Design No. 5, U.S. Copyright Registration No. VAu001130709, Titled BPVS1019.

31.  Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Differences in color being not determinative, the similarities between Defendant's item and Plaintiff's protectable elements are striking with regard to the particular arrangement of bright lines, dashes and dots expressed in linear groups mimicking the appearance of light rays extending from one corner of the garment towards the opposite corner, all against a solid black background.

32.  Defendants did so without Plaintiff's authorization, and sold unauthorized copies under their own brand or other brands that they offered. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below to compare Plaintiff's design on the left with Defendant's design on the right.  By visually comparing the

designs, it is apparent that Defendant's design is strikingly or substantially similar to Plaintiff's in composition, arrangement of colors and shapes, shading, textures, and the overall layout of the design with respect to the relative proportions of space, dimensions, tones, and manner of visually expressing the aforementioned elements in combination which render the final visual impression, as follows:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 5 | BPVS1019 | |

## COPYRIGHT INFRINGEMENT OF DESIGN NO. 6

33.    Plaintiff owns the copyrights to Design No. 6, U.S. Copyright Registration No. VA0002133726, Titled BPSA1041.

34.  Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Differences in color being not determinative, the similarities between Defendant's item and Plaintiff's protectable elements are striking with regard to the particular arrangement of organic, flora and paisley motifs and shapes expressed in predominantly blue and green hues, overlaid with wide horizontal and

vertical sections against an apparent white background, evoking the appearance of fading water colors.

35.  Defendants did so without Plaintiff's authorization, and sold unauthorized copies under their own brand or other brands that they offered. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below to compare Plaintiff's design on the left with Defendant's design on the right.  By visually comparing the designs, it is apparent that Defendant's design is strikingly or substantially similar to Plaintiff's in composition, arrangement of colors and shapes, shading, textures, and the overall layout of the design with respect to the relative proportions of space, dimensions, tones, and manner of visually expressing the aforementioned elements in combination which render the final visual impression, as follows:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 6 | BPSA1041 | |

## COPYRIGHT INFRINGEMENT OF DESIGN NO. 7

36.  Plaintiff owns the copyrights to Design No. 7, U.S. Copyright Registration No. VAu001209525, Titled BPSK1225.

37.  Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Differences in color being not determinative, the similarities between Defendant's item and Plaintiff's protectable elements are striking as to the arrangement of muted, natural colors depicted horizontally evoking a view of a landscape's horizon consisting of blue water in the foreground at the bottom of the garment, land in the middle section, and hillside foliage or trees in the upper section.

38.  Defendants did so without Plaintiff's authorization, and sold unauthorized copies under their own brand or other brands that they offered. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below to compare Plaintiff's design on the left with Defendant's design on the right.   By visual comparison, Defendant's item is strikingly or substantially similar to Plaintiff's in composition, arrangement of colors and shapes, shading, textures, and the overall layout of the design with respect to the relative proportions of space, dimensions, tones, and manner of visually expressing the aforementioned elements in combination which render the final visual impression, as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 7 | BPSK1225  | |

## COPYRIGHT INFRINGEMENT OF DESIGN NO. 8

39.    Plaintiff owns the copyrights to Design No. 8, U.S. Copyright Registration No. VAu001279611, Titled BPSS1714.

40.  Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Differences in color being not determinative, the similarities between Defendant's item and Plaintiff's protectable elements are striking with regard to the particular arrangement of fading or muted purple, violet, and blue tones having pastel characteristics, positioned in a geometric manner of rectangular or square sections such that the colors are intentionally demarked and distinguished from each other with straight lines to achieve the appearance of large pixels of color blocks.

41.  Defendants did so without Plaintiff's authorization, and sold unauthorized copies under their own brand or other brands that they offered. Plaintiff's Original

Design and Defendant's Unauthorized Copy are shown below to compare Plaintiff's design on the left with Defendant's design on the right.  By visually comparing the designs, it is apparent that Defendant's design is strikingly or substantially similar to Plaintiff's in composition, arrangement of colors and shapes, shading, textures, and the overall layout of the design with respect to the relative proportions of space, dimensions, tones, and manner of visually expressing the aforementioned elements in combination which render the final visual impression, as follows:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 8 | BPSS1714 | |

## COPYRIGHT INFRINGEMENT OF DESIGN NO. 9

42.    Plaintiff owns the copyrights to Design No. 9, U.S. Copyright Registration No. VAu001209524 , Titled BPSK1144.

43.  Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Differences in color being not determinative, the similarities between Defendant's item and Plaintiff's protectable elements are striking with

regard to the particular arrangement of predominantly red, blue and white lines converging at a centerline appearing as inverted chevrons, in various widths depicting organic and geometric shapes in patterns mimicking lace patterns or the corner edges of fanciful picture frames.

44. Defendants did so without Plaintiff's authorization, and sold unauthorized copies under their own brand or other brands that they offered. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below to compare Plaintiff's design on the left with Defendant's design on the right.  By visual comparison, Defendant's design is strikingly or substantially similar to Plaintiff's in composition, arrangement of colors and shapes, shading, textures, and the overall layout of the design with respect to the relative proportions of space, dimensions, tones, and manner of visually expressing the aforementioned elements in combination to render the final visual impression, as follows:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 9 | BPSK1144 | |

/ / /

/ / /

/ / /

## **COPYRIGHT INFRINGEMENT OF DESIGN NO. 10**

45.   Plaintiff owns the copyrights to Design No. 10, U.S. Copyright Registration No. VAu001185319, Titled BPVM1200.

46.   Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Differences in color not being determinative, similarities between Defendant's item and Plaintiff's protectable elements are striking as to the particular manner of graphical arrangement of flora and foliage depicted boldly in black in the upper right shoulder quadrant and chest area, and upper left chest area continuing down to the bottom edge of the garment, with intentionally blurred or less prominent accenting patterns in gray or thin black lines, all depicted against a white background.

47.   Defendants did so without Plaintiff's authorization, and sold unauthorized copies under their own brand or other brands that they offered. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below for comparison.  By comparing the designs, it is apparent that Defendant's design is strikingly or substantially similar to Plaintiff's in composition, arrangement of colors and shapes, shading, textures, and the overall layout of the design with respect to the relative proportions of space, dimensions, tones, and manner of visually expressing the aforementioned elements in combination which render the final visual impression, as follows:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 10 | BPVM1200 | |

## **COPYRIGHT INFRINGEMENT OF DESIGN NO. 11**

48.    Plaintiff owns the copyrights to Design No. 11, U.S. Copyright Registration No. VAu001181756, Titled BPSM1203C (variants BPSM1203).

49.   Defendants had access to this Design and copied it to produce and/or sell products featuring designs that are virtually identical or substantially similar to Plaintiff's Design. Differences in color being not determinative, the similarities between Defendant's item and Plaintiff's protectable elements are striking with regard to the particular arrangement of horizontal lines of bright pastel-like colors in various shades of the same color group having a faded or distressed character, with intermittent horizontal sections of white.

50.   Defendants did so without Plaintiff's authorization, and sold unauthorized copies under their own brand or other brands that they offered. Plaintiff's Original Design and Defendant's Unauthorized Copy are shown below to compare Plaintiff's design on the left with Defendant's design on the right.  By visually comparing the

designs, it is apparent that Defendant's design is strikingly or substantially similar to Plaintiff's in composition, arrangement of colors and shapes, shading, textures, and the overall layout of the design with respect to the relative proportions of space, dimensions, tones, and manner of visually expressing the aforementioned elements in combination which render the final visual impression, as follows:

| Design No. | Plaintiff's Original Design | Defendants' Unauthorized Copy |
|---|---|---|
| 11 | BPSM1203C | |

## FIRST CLAIM FOR RELIEF

### Copyright Infringement

51.   Plaintiff repeats, realleges, and incorporates by reference herein all allegations asserted in the preceding paragraphs of this First Amended Complaint as though specifically pleaded herein.

52.   Pursuant to 17 U.S.C. § 106 and at all times relevant to the claims and allegations in this First Amended Complaint, Plaintiff was the exclusive owner of the copyrights as set forth hereinabove.

53.   Defendants had access to Plaintiff's Designs prior to or contemporaneously with Defendants' infringing conduct as described hereinabove.

54.   Defendants knowingly and willfully copied, reproduced, replicated, and/or manipulated Plaintiff's Designs to create, produce, manufacture, distribute,

advertise, offer for sale, and/or sell clothing products featuring fabric print designs that are virtually identical or substantially similar to Plaintiff's Designs. Defendants did so without Plaintiff's knowledge or authorization, and without proper legal justification or excuse; therefore, Defendants infringed Plaintiff's copyrights.

55.    Plaintiff is entitled to recover actual damages and disgorgement of Defendant's profits pursuant to 17 U.S.C. § 504(b).  Plaintiff does not yet know the total of Defendants' profits from their infringement of Plaintiff's copyrights; Plaintiff will prove its damages at trial.   In lieu of actual damages and upon Plaintiff's election, Plaintiff may elect statutory damages of $30,000.00 per infringement, for a total of Three Hundred Thirty Thousand Dollars ($330,000.00) for the eleven (11) counts of infringement as provided by 17 U.S.C. § 504(c)(1).

56.    Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff may elect statutory damages of $150,000.00 for each willful infringement.  Because Defendants had access to Plaintiff's Designs, proceeded to produce and/or sell products that were substantially similar to Plaintiff's Designs, Defendants engaged in willful infringement. Plaintiff's statutory damages for willful infringement are One Million Six Hundred Fifty Thousand Dollars ($1,650,000.00) under 17 U.S.C. § 504(c)(2).  Plaintiff will make its election of statutory damages within the time permitted.

## SECOND CLAIM FOR RELIEF

### Vicarious Copyright Infringement

57.    Plaintiff repeats, realleges, and incorporates by reference herein all

allegations asserted in the preceding paragraphs of this First Amended Complaint as though specifically pleaded herein.

58.   Plaintiff is informed and believes and thereon alleges that Defendants willfully induced, participated in, or aided in and profited from the illegal copying of Plaintiff's Designs and the production, distribution and/or sale of products featuring fabric prints that are substantially similar to Plaintiff's Designs.

59.   Plaintiff is informed and believes and thereon alleges that Defendants are vicariously liable for the infringements because they had the opportunity, right, and ability to carry out, supervise and/or control the infringing conduct, and had a direct pecuniary interest in the infringing conduct.

60.   As an actual and proximate result of Defendants' acts of vicarious infringement as alleged, Plaintiff suffered damages in an amount to be proven at trial.

61.   Plaintiff is informed and believes, and alleges on such information and belief, that Defendants obtained profits, sales, and/or benefits they would not otherwise have obtained but for their infringement of Plaintiff's Designs.  Plaintiff is entitled to disgorgement of Defendants' profits that are attributable to their infringement of Plaintiff's Designs in an amount to be proven at trial pursuant to 17 U.S.C. § 504(b).

62.   In lieu of actual damages and upon Plaintiff's election, Plaintiff may elect statutory damages of $30,000.00 per infringement, or no less than Three Hundred

Thirty Thousand Dollars ($330,000.00) for eleven (11) counts of infringement, as provided under 17 U.S.C. § 504(c)(1).

63.   Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff is entitled to elect statutory damages of $150,000.00 for each infringement that was willful.   Defendants had access to Plaintiff's Designs, and despite requests to cease and desist, continued to produce and/or sell the unauthorized copies.   Therefore, Defendants engaged in willful infringement.   Plaintiff's total statutory damages for eleven (11) counts of infringement are One Million Six Hundred Fifty Thousand Dollars ($1,650,000.00) as provided by 17 U.S.C. § 504(c)(2).   Plaintiff will make its election of statutory damages within the time permitted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

(1)   Order of preliminary injunction restraining Defendants from copying Plaintiff's Designs, and producing and selling products having fabric prints that are substantially similar to Plaintiff's Designs;

(2)   Order of permanent injunction restraining Defendants, their employees, and their agents from copying, reproducing, and/or editing Plaintiff's Designs to produce, manufacture, distribute, promote or sell clothing products having fabric prints that are substantially similar to Plaintiff's Designs;

(3)   Order directing Defendants to provide Plaintiff and this Court with an

accounting of Defendant's gross sales and profits garnered from the production and sale of products that infringed on Plaintiff's copyrights, i.e., the Defendants' products exhibited in this action, plus Defendants' production and inventory records of the infringing products over the past five years;

(4) For each willful infringement, award of statutory damages pursuant to 17 U.S.C. § 504(c)(2), upon election by Plaintiff, of no less than $150,000.00 for each willful infringement of the eleven Designs, for total statutory damages no less than $1,650,000.00.

(5)  For each non-willful infringement, award of statutory damages pursuant to 17 U.S.C. § 504(c)(1) of $30,000.00 for each infringement, for a total of no less than $330,000.00; or alternatively, if Plaintiff's actual damages and lost profits are greater than statutory damages, award of Plaintiff's actual damages and disgorgement of Defendants' profits pursuant to 17 U.S.C. § 504(b) according to proof at trial.

(6)  Award of pre-judgment interest of 10% per annum;

(7)  Award of attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(8)  For such further relief the Court deems just and proper.

Jury trial is demanded on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

/ / /

/ / /

1

2          Respectfully submitted,

3          LAW OFFICES OF ALEX CHA &
           ASSOCIATES

4

5   July 21, 2023          /s/    *Alex Cha*

6                          Alex M. Cha
                           Attorneys for Plaintiff

7

8          HUFFINE CHUNG, LLP

9   July 21, 2023          /s/

10                         Melvin L. Chung

11                         Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28