Alex Cha, Esq. (SBN 208051)
alex@alexchalaw.com
Sena Hori, Esq. (SBN 338636)
sena@alexchalaw.com
LAW OFFICES OF ALEX CHA & ASSOCIATES
707 Wilshire Blvd., 46th Floor
Los Angeles, CA 90017
Tel: (213) 351-3513
Fax: (213) 351-3514

Melvin L. Chung, Esq. (SBN 189519)
mchung@modalaw.com
HUFFINE CHUNG, APC
2202 South Figueroa Street, #356
Los Angeles, CA 90007
Tel: (213) 596-9116
Fax: (213) 814-1448

Attorneys for Plaintiff
BLUPRINT CLOTHING CORP.

*ATTORNEYS FOR DEFENDANT LISTED ON SECOND PAGE*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUPRINT CLOTHING CORP., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALFRED DUNNER, INC., a New York corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-03803-SPG-SK<br><br>*[Assigned to Hon. SHERILYN PEACE GARNETT]*<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conf: September 6, 2023<br>Time: 3:00 p.m.<br>Courtroom: 5C |

| | |
|---|---|
| 1 | HANSON BRIDGETT LLP |
| | RAFFI V. ZEROUNIAN, SBN 236388 |
| 2 | rzerounian@hansonbridgett.com |
| | CLAYTON R. LAPOINT, SBN 304533 |
| 3 | clapoint@hansonbridgett.com |
| | JUSTIN P. THIELE, SBN 311787 |
| 4 | jthiele@hansonbridgett.com |
| | 777 S. Figueroa Street, Suite 4200 |
| 5 | Los Angeles, California 90017 |
| | Telephone:   (213) 395-7620 |
| 6 | |
| | LEASON ELLIS LLP |
| 7 | MARTIN B. SCHWIMMER (admitted *pro hac vice*) |
| | Schwimmer@leasonellis.com |
| 8 | 1 Barker Ave |
| | White Plains, NY 10601 |
| 9 | |
| | Attorneys for Defendant |
| 10 | ALFRED DUNNER, INC. |

By and through their attorneys of record, who are set forth below, Plaintiff BLUPRINT CLOTHING CORP., a California corporation ("Plaintiff"), and Defendant ALFRED DUNNER, INC., a New York corporation; and DOES 1 through 10, inclusive ("Defendant") (collectively, Plaintiff and Defendant shall be referred to herein as the "Parties") have prepared and hereby submit this jointly signed Scheduling Conference Report following the conference of counsel required by Federal Rules of Civil Procedure 16(b), 16(c) and 26(f), Central District Local Rule 26-1 and this Court's Order Setting Scheduling Conference.

### A. STATEMENT OF THE CASE

(i) Plaintiff's Contentions

Plaintiff owns and had owned prior to the infringing acts complained of herein, rights to the following eleven original two-dimensional artworks:

| Design No. | Title | U.S. Copyright Registration |
|---|---|---|
| 1 | BPSS1362 | VA0002220296 |
| 2 | 5150 | VAu001119387 |
| 3 | BPSK1486 | VAu001279760 |
| 4 | BPSSB1033 | VAu001371603 |
| 5 | BPVS1019 | VAu001130709 |
| 6 | BPSA1041 | VA0002133726 |
| 7 | BPSK1225 | VAu001209525 |
| 8 | BPSS1714 | VAu001279611 |
| 9 | BPSK1144 | VAu001209524 |
| 10 | BPVM1200 | VAu001185319 |
| 11 | BPSM1203C | VAu001181756 |

Plaintiff owns these designs in exclusivity and for purposes of textile and fabric printing in Plaintiff's production of garments, namely women's apparel. Plaintiff contends Defendant had obtained access to Plaintiff's Design through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally or unauthorized distributed copies of Plaintiff's Design by third-parties and/or DOE Defendants, including without limitation domestic and/or foreign fabric converters, printing mills,

and/or fabric sales people; (c) access to Plaintiff's strike-offs or samples; (d) access to Plaintiff's tech-packs, style manuals, look-books, or brochures featuring Plaintiff's Design; and/or (d) access to garments in the marketplace produced with lawfully printed fabric featuring Plaintiff's Design.

Plaintiff further contends Defendant unlawfully copied, reproduced, and/or manipulated Plaintiff's Design without Plaintiff's consent or knowledge, and unlawfully produced, distributed, and/or sold products featuring a print design that is identical or substantially similar to Plaintiff's Design, but under Defendant's own brand or other brands that Defendant offered, through regional and/or nationwide network of retail stores, catalogues, and through on-line websites without Plaintiff's consent or knowledge (the "Infringing Garments"). Based on Defendant's infringement of Plaintiff's copyrights, Plaintiff has filed suit against Defendant for Copyright Infringement and Vicarious or Contributory Copyright Infringement.

(ii) Defendant's Contentions

Defendant disputes Plaintiff's contentions that: it owns protectable or enforceable copyright rights in its asserted works; that Defendant's accused products infringe on Plaintiff's works because Defendant had no access to Plaintiff's works and did not copy Plaintiff's works; and that Plaintiff is entitled to damages for copyright infringement. Specifically, Defendant will establish that: Plaintiff's works are not eligible for copyright protection, and if they are somehow entitled to some protection, Plaintiff's rights are thin in part because of the limited range of originality demonstrated by ample similar third-party designs; that at least some of Defendant's accused products were created before Plaintiff's asserted works and therefore are independently created or not infringing; that Defendant did not have access to Plaintiff's asserted works; and that Defendant's accused products are neither substantially similar nor virtually identical to Plaintiff's asserted works.

## B. SUBJECT MATTER JURISDICTION

This action arises under the copyright laws of the United States, 17 U.S.C. § 101, *et seq*. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

## C. LEGAL ISSUES

The key legal issues in this action are whether Plaintiff has valid claims against Defendant for Copyright Infringement and Vicarious or Contributory Infringement from Defendant's alleged production, distribution, and/or selling of products featuring a design that is identical or substantially similar to Plaintiff's Design without Plaintiff's knowledge or consent.

## D. PARTIES, EVIDENCE, ETC.

(i) Plaintiff: BLUPRINT CLOTHING CORP.

(ii) Defendant: ALFRED DUNNER, INC.

(iii) Percipient Witnesses: Not currently known

(iv) Key Documents: Not currently known

## E. DAMAGES

(i) Plaintiff is entitled to recover all profits of Defendant's unlawful infringement of Plaintiff's Design, plus all losses to Plaintiff, the total sums to be proven at trial; or, if elected before final judgment, statutory damages against Defendant in an amount provided by law, as set forth in 17 U.S.C. § 504, *et seq*., together with any prejudgment and post-judgment interest;

(ii) Plaintiff is entitled to recover reasonable attorneys' fees and costs if it is the prevailing party pursuant to 17 U.S.C. § 505, *et seq*.;

(iii) Plaintiff is also entitled to such further legal and equitable relief as this Court deems proper.

(iv) Defendant disputes that Plaintiff is entitled to any damages and the measure of any damages asserted.

-5-
JOINT RULE 26(f) REPORT

**F. INSURANCE**

(i) Plaintiff's Contentions

Plaintiff contends that the claims asserted herein do not implicate insurance coverage.

(ii) Defendant's Contentions

Defendant is not aware at this time of any insurance coverage relevant to the claims at issue in this case.

**G. MOTIONS**

(i) Plaintiff's Motions

Plaintiff anticipates filing a Motion for Summary Judgment for liability as to Defendant for Copyright Infringement by the deadline for dispositive motions. Plaintiff also anticipates moving to amend its pleadings to add additional defendants who either sold or purchased the Infringing Design or the Infringing Garments to or from Defendant.

(ii) Defendant's Motions

Defendant anticipates filing motions for either summary judgment or summary adjudication, or both, on issues related to the scope and validity of Plaintiff's copyright protection, the appropriate standard for judging infringement (virtual identity), and on non-infringement generally. Defendant reserves its right to cross-move for summary judgment in response to any motion for summary judgment filed by Plaintiff. Defendant also reserves its right to move to join or interplead third parties with duties of indemnification to Defendant.

*Please see attached Schedule of Pretrial and Trial Dates Worksheet for motion deadlines*.

**H. MANUAL FOR COMPLEX LITIGATION**

At this time, the Parties do not believe this case is complex, and therefore does not require the Manual for Complex Litigation.

## I. DISCOVERY PLAN

The Parties anticipate using all discovery allowed under the Federal Rules, including depositions, requests for documents, interrogatories and requests for admissions, and entering into an appropriate stipulated protective order. At this juncture, the Parties do not believe that discovery should be conducted in phases or be otherwise limited.

Plaintiff anticipates seeking sales and distribution information, including without limitation information concerning sales receipts, store-by-store asset allocation, profits attributable to the product at issue, as well as the development and authorship of the accused designs at issue, the creation, use, registration, purchase, assignment, or other manner by which alleged rights in the subject design were obtained by any past of present owner.  Plaintiff also anticipates seeking in discovery the names of Defendant's customers to whom it sold the infringing products and the taking of depositions of the person most qualified ("PMQ") of Defendant and any other third parties who may later be added as defendants.

The Parties agree to meet and confer over electronic discovery issues at the time any such disputes arise, including the form or production of electronic information and scope of any such electronic discovery.

All such discovery, electronic or otherwise, shall be subject to a Stipulated Protective Order entered into by the parties that sensitive information of the parties including, but not limited to, the confidential, proprietary, and trade secret information of the parties

*Please see attached Schedule of Pretrial and Trial Dates Worksheet for motion deadlines.*

## J. EXPERT DISCOVERY

   (i)   Plaintiff's Contentions

Plaintiff contemplates retaining expert witnesses, including without limitation individuals with specialized knowledge of the textile designs and textile

industry accounting and damages experts, if needed.

   (ii)  Defendant's Contentions

Defendant anticipates retaining expert witnesses including without limitation on the topics of copyright protection and textile design, and damages.

*Please see attached Schedule of Pretrial and Trial Dates Worksheet for applicable expert discovery deadlines.*

### K. SETTLEMENT CONFERENCE

The Parties have not yet engaged in good faith preliminary settlement negotiations under Federal Rules of Evidence 408 and a resolution has not been reached. The Parties commit to keep dialogue open on the issue of possible settlement. To that end, the Parties have indicated they are amenable to using Central District Settlement Procedure No. 2 under Local Rule 16-15.4.

### L. TRIAL ESTIMATE

The Parties estimate the trial in this matter to last approximately 7 court days. Both parties demand trial by jury. Plaintiff contemplates it will call 6-8 witnesses.

### M. TRIAL COUNSEL

  (i)  Alex Cha and Mel Chung will try the case for Plaintiff.

 (ii)  Defendant's lead trial counsel will be Raffi Zerounian and Martin Schwimmer

### N. INDEPENDENT EXPERT OF MASTER

None at this time.

### O. SCHEDULE WORKSHEET

*Please see attached Schedule of Pretrial and Trial Dates Worksheet for Motion deadlines.*

### P. OTHER ISSUES

The Parties are not currently aware of any other issues that may affect this case.

| | | |
|---|---|---|
| 1 | DATED: August 24, 2023 | LAW OFFICES OF ALEX CHA & ASSOCIATES |

By:   /s/ Alex Cha  
    Alex Cha
    Sena Hori
    Attorneys for Plaintiff
    BLUPRINT CLOTHING CORP.

DATED: August 24, 2023      Hanson Bridgett LLP

By:   /s/ Raffi V. Zerounian  
    RAFFI V. ZEROUNIAN
    CLAYTON R. LAPOINT
    JUSTIN P. THIELE
    Attorneys for Defendant Alfred Dunner, Inc.

DATED: August 23, 2023      LEASON ELLIS LLP

By:   /s/ Martin B. Schwimmer  
    MARTIN B. SCHWIMMER (admitted *pro hac vice*)
    Attorney for Defendant Alfred Dunner, Inc.

**JUDGE SHERILYN PEACE GARNETT**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court **ORDERS** the parties to make every effort to agree on dates.*

| Case No. 2:23cv03803 | Case Name: Bluprint Clothing Corp. v Alfred Dunner, Inc. | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| Check one: [✓] Jury Trial or [ ] Court Trial [ ] Magistrate Judge (*Tuesday* at 8:30 a.m., within 12 months of Scheduling Conference) Estimated Duration: 7 Days | | 10/22/2024 | [✓] Jury Trial [ ] Court Trial |
| Final Pretrial Conference ("FPTC") [L.R. 16] (Wednesday at 3:00 p.m., at least 18 days before trial) | | 10/02/2024 | |
| **Event** [1] **Note:** Hearings shall be on **Wednesday** at 1:30pm Other dates can be any day of the week | **Weeks Before FPTC**[2] | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| Last Date to Hear Motion to Amend Pleadings / Add Parties [Wednesday] | | 01/31/2024 | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | 05/17/2024 | |
| Expert Disclosure (Initial) | 16 | 05/31/2024 | |
| Expert Disclosure (Rebuttal) | 14 | 06/14/2024 | |
| Expert Discovery Cut-Off | 14[2] | 06/14/2024 | |
| Last Date to Hear Motions[3] • Motions due at least 4 weeks before hearing; • Opposition due 2 weeks after motion is filed before hearing; • Reply due 1 week after Opposition is filed | 12 | 07/05/2024 | |
| Last Date to Hear *Daubert* Motions | 8 | 08/02/2024 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: [ ] 1. Magistrate Judge *(with Court approval)* [ ] 2. Court's Mediation Panel [✓] 3. Private Mediation | 5 | 08/16/2024 | [ ] 1. Mag. J. [ ] 2. Panel [✓] 3. Private |
| **Trial Filings (first round)** • Motions *In Limine* (except *Daubert*) • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only) • Declarations containing Direct Testimony, if ordered (court trial only) ) | 4 | 09/23/2024 | |
| **Trial Filings (second round)** • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Additional Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations. of Direct Testimony (court trial only) | 2 | 10/07/2024 | |

[1] Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)4).

[2] The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.

[3] Before filing Rule 56 motions, parties must review and comply with the Court's Standing Order for MSJ, which sets forth the briefing schedule and specific requirements for joint briefing and filing such motions